

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **Jeremy Diamond**<br>6311 Red Cedar Place<br>Baltimore MD 21209<br><br>Plaintiff<br><br>v.<br><br>**Citicorp Credit Services, Inc. USA**<br>8787 Baypine Road<br>Jacksonville, MD 32256<br><br>Defendant<br><br>*Serve On:*<br>The Corporation Trust Incorporated<br>300 E Lombard St.<br>Baltimore, MD 21202 | Case No: |

## COMPLAINT

Plaintiff Jeremy Diamond by his attorneys The Erwin Law Firm, P.A. sues defendant Citicorp Credit Services, Inc. USA and says:

### Parties

1. Jeremy Diamond is an adult citizen of the State of Maryland, residing at 6311 Red Cedar Place, in Baltimore MD. He is a "consumer" as defined by 15 U.S.C. 1681a.

2. Defendant Citicorp Credit Services, Inc., USA is a Delaware corporation with its principal place of business at 8787 Baypine Road, Jacksonville, MD 32256. Defendant Citicorp Credit Services, Inc. USA is a member of Citigroup, Inc. At all times relevant hereto, defendant Citicorp Credit Services, Inc. USA (hereinafter: "Citicorp") transacted substantial business in the State of Maryland

The Erwin Law Firm, P.A.
10 West Madison St.
Baltimore, MD 21201
(410) 385-6000

issuing credit cards and supplying credit to Maryland citizens, out of which business plaintiff's cause of action arose

### Jurisdiction

4. This Court has jurisdiction pursuant to 28 U.S.C. 1367 and 15 U.S.C. 1681

### Facts

5  For several years prior to 2004, defendant Citicorp issued to plaintiff Jeremy Diamond, "Citi Gold A-Advantage Visa Card" for his personal, family and household use.

6. In February 2004, plaintiff paid all outstanding balances on the Visa card and closed the account

7. In spite of the fact that the account was closed, on or about March 18, 2004, defendant Citicorp processed a charge on the closed account in the amount of $169.00 which plaintiff had not authorized

8  Upon receiving a bill on the closed account containing the unauthorized charge, plaintiff Jeremy Diamond contacted defendant Citicorp and disputed the charge

9. Due to this dispute, on or about May 22, 2004, defendant Citicorp provided a conditional credit and reversed the unauthorized charge and the finance charges associated therewith

10. On or about August 9, 2004, defendant Citicorp wrote plaintiff that "Our investigation is now complete and we are pleased to inform you that the conditional credit you received for $169.00 is now permanent."

1. In spite of this, defendant Citicorp, in violation of law, continued to bill plaintiff monthly for a late fee and finance charges on the $169.00 charge it had reversed

The Erwin Law Firm, P.A.
10 West Madison St.
Baltimore, MD 21201
(410) 385-6000

"permanently" and by February 22, 2005, these charges had accumulated to $401.86 which defendant Citicorp alleged was due and owing from the plaintiff.

12. Throughout 2004 and 2005 plaintiff has repeatedly written to the defendant disputing that any balance is owing, but defendant Citicorp has failed and refused to make the necessary corrections to his account.

13. Defendant Citicorp has maintained that plaintiff's account is delinquent and referred it to collection agencies causing plaintiff to be harassed for payment.

14. Defendant Citicorp has reported plaintiff's account as delinquent to Credit Reporting Agencies.

15. As a direct and proximate result of defendant Citicorp wrongfully maintaining and reporting plaintiff's Visa account as delinquent, plaintiff's credit rating has been injured and plaintiff has incurred increased interest rates in obtaining financing for his personal and business activities.

Count One
(Fair Credit Reporting Act)

16. Plaintiff repeats and realleges paragraphs 1 through 15 as though fully set forth herein and further alleges:

7. In September or October 2004, plaintiff wrote to the credit bureaus and explained why he did not believe he owed Citicorp any money and requested the credit bureaus to contact Citicorp and reinvestigate the accuracy of the information it was furnishing pursuant to the Fair Credit Reporting Act, 15 U.S.C. 1681(i).

18. After being contacted by the credit bureaus, defendant Citicorp continued to report that plaintiff owed $325 as of November 2004, that the account was past due 90 days, and that the account was closed at the credit grantor's request.

The Erwin Law Firm, P.A.
10 West Madison St.
Baltimore, MD 21201
(410) 385-6000

19. The information Citicorp reported to the credit bureaus in the fall of 2004 was false and violates §1681s-2(b) of the Fair Credit Reporting Act.

20. Defendant Citicorp failed to fully and properly investigate Plaintiff's dispute, to review all relevant information regarding it, and failed to correctly report results of an accurate investigation to each of the credit reporting agencies. Defendant's failure was willful.

21. As a direct and proximate result of this violation, plaintiff Jeremy Diamond has been forced to pay increased interest in obtaining credit, has suffered damage by loss of credit and ability to benefit from credit. Also, as a direct and proximate result of this violation, plaintiff has been inconvenienced and harassed by defendant demanding payment thereby incurring damages for mental anguish and emotional pain and embarrassment.

22. Defendant Citicorp's conduct, action and inaction was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. 1681n. In the alternative, defendant was negligent entitling plaintiff to recover under 15 U.S.C. 1681o.

　　WHEREFORE, pursuant to 15 U.S.C. 1681, plaintiff Jeremy Diamond demands actual damages, statutory damages and punitive damages from defendant Citicorp plus costs and reasonable attorney's fees.

The Erwin Law Firm, P.A.
10 West Madison St.
Baltimore, MD 21201
(410) 385-6000

_____
H. Robert Erwin, Jr.
The Erwin Law Firm, P.A.
10 West Madison Street
Baltimore, MD 21201
(410) 385-6000